Vonn A. MOSES

v.

UNIVERSAL OGDEN SERVICES.

Civil Action No. 96–1412.

United States District Court,
E.D. Louisiana.

July 17, 1998.

James M. Benson, Guste, Barnett & Shushan, New Orleans, LA, Russell Allen Solomon, Pamela M. Wiza, Vance William Ott, Russell A. Solomon & Associates, New Orleans, LA, Leonard A. Radlauer, Roger Scott Bernstein, Radlauer & Bernstein, New Orleans, LA, for Plaintiff.

Grady S. Hurley, William Joseph Joyce, Jonathan H. Sandoz, Jones, Walker, Waechter, Poitevant, Carrere & Denegre, New Orleans, LA, for Universal Ogden Services and Noble Drilling Corp.

Michael John Maginnis, Sallye Goodwin Webb, Jose R. Cot, Maginnis & Hurley, New Orleans, LA, for QCI Offshore Inc.

William Alexander Porteous, III, Michael K. Fitzpatrick, Nancy Lee Cromartie, Porteous, Hainkel, Johnson & Sarpy, New Orleans, LA, for Plymold Seating.

Stephen Louis Huber, Victor Andrew Dubuclet, III, Borrello, Huber & Dubuclet, Metairie, LA, for Rebco Fastners.

Michael F. Grennan, Timothy Michael Waller, Sr., Mark Stephen Taylor, Timothy Brian Guillory, Waller & Associates, Metairie, LA, for Northwest Castings.

FALLON, District Judge.

Before the Court is defendant Northwest Casting, Incorporated's ("Northwest Casting") motion to dismiss for lack of personal jurisdiction. The Court, having considered Northwest Casting's motion and memorandum, the memoranda filed in opposition, the record, and the applicable law, DENIES the motion to dismiss for the following reasons.

On April 24, 1996, plaintiff brought this action against Universal Ogden Services and Noble Drilling Corporation to recover damages for personal injuries allegedly sustained when he fell from a chair. Plaintiff asserts claims for negligence under the Jones Act and unseaworthiness under the General Maritime Law, with a further cause for mainte-

nance and cure. Over the course of the litigation, the following parties have been added as defendants and third-parties: OCI Offshore, Inc., Plymold Seating, Foldcraft Company, Rebco Fasteners, and Northwest Casting. Pertinent to this motion to dismiss is third-party plaintiff Plymold Seating's allegation that third-party defendant Northwest Casting breached the duty to warn, inspect and/or properly manufacture component parts of the chair.

The plaintiff, a Louisiana resident, worked onboard the heavy lift ship SEA SWAN, which carried the jack-up drilling rig GEORGE McLEOD from Texas to a job site in Qatar in the Middle East. The plaintiff claims the chair broke on September 10, 1994 while the SEA SWAN was in international waters near Spain. The plaintiff asserts that the accident's witnesses reside in Louisiana.

Plymold is a chair assembler and distributor. Northwest Casting, an aluminum jobbing foundry, sold 117,000 chair backs to Plymold since 1980. Plymold designs these chair backs. Plymold, a division of Foldcraft Company, employs a sales representative in Mandeville, Louisiana, who sells chairs in Louisiana. At least some of the chairs are eventually used on vessels in the maritime industry.

Northwest Casting claims this Court lacks personal jurisdiction over Northwest Casting because it is a Minnesota corporation with no contacts or property in Louisiana. Northwest Casting asserts that once it sells the parts to Plymold, Northwest Casting loses control over the parts and does not even know where the parts ultimately go. Further, Northwest Casting argues Plymold alters the chair back before assembling the chair.

The parties disagree as to whether Louisiana's Long–Arm Statute, La. R.S. 13:3201 authorizes personal jurisdiction over a nonresident in circumstances such as these. A court's inquiry into whether personal jurisdiction over a non-resident exists involves analysis of both the state's long arm statute and constitutional due process requirements contained in the Fourteenth Amendment. *See Allred v. Moore & Peterson,* 117 F.3d 278, 281 (5th Cir.1997), cert. denied, —— U.S.

——, 118 S.Ct. 691, 139 L.Ed.2d 637 (1998). Louisiana's Long–Arm Statute provides in pertinent part:

> A. A Court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
>
> \* \* \* \* \* \*
>
> ██ (8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.
>
> (B) In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the Constitution of this state and the Constitution of the United States.

La. R.S. 13:3201(A)(8). A defendant must have "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (further citation omitted). Only a *prima facie* case need be presented to establish minimum contacts over the non-resident defendant and not proof by a preponderance of the evidence. *See WNS, Inc. v. Farrow,* 884 F.2d 200, 203–204 (5th Cir.1989). In addition, the non-moving party is entitled to a reasonable inference in favor of finding jurisdiction. *See de Reyes v. Marine Management and Consulting, Ltd.,* 586 So.2d 103, 109 (La.1991). Minimum contacts are established where products are placed into the stream of commerce with the reasonable expectation they will be bought by persons in the forum state. *See World–Wide Volkswagen Corporation v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

██ The Court finds that Louisiana's Long Arm Statute extends jurisdiction over

Northwest Casting. Northwest Casting delivers its products into the stream of commerce with the expectation or knowledge that they will be purchased by consumers in the various states. First, the nature and continuity of Northwest Casting's relationship with Plymold supplies due process components of personal jurisdiction. Second, traditional notions of fair play and substantial justice are not violated by requiring Northwest Casting to defend itself in Louisiana because Northwest Casting availed itself of the protections of the laws of this state by selling component parts which could reasonably be used by a Louisiana resident. Thus, personal jurisdiction over Northwest Casting is proper pursuant to Louisiana's Long Arm Statute and the Fourteenth Amendment's Due Process Clause.

For the forgoing reasons, defendant's motion to dismiss for lack of personal jurisdiction is DENIED.